THE STATE ex rel. SPRATT, Collector, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

### Division One, May 14, 1901.

Taxation: RAILROAD PROPERTY: ASSESSOR: STATE BOARD. Switch yards and other real property necessarily appurtenant to a railroad's efficient equipment as a means of traffic, are not subject to taxation by the local authorities, but are to be included in that class of property which the statute requires to be assessed by the State Board of Equalization. And although the railroad may have owned the lots for some years, and has used only a part of them for stock yard purpose, yet if it has used them for no other purpose, and does not appear to have acquired more land than is reasonably necessary for switch yard purposes in view of the prospective growth of the city and the company's business, the property is to be assessed by the State board.

Appeal from Buchanan Circuit Court.—*Hon. Chas. F. Strop,* Judge.

REVERSED.

State ex rel. v. C., R. I. & P. Ry. Co.

*Brown & Dolman* for appellant.

(1)   The single question in this case is, whether or not the land involved is a part of the property required by law to be assessed by the State board for the assessment and equalization of railroad property.   If so, the judgment should be reversed; if not, it ought to stand.   The solution of this question depends solely upon the statutes in force at the time. The company had power "to lay out its road, not exceeding one hundred feet in width, and to construct the same" (R. S. 1889, sec. 2543), and "to take and hold all necessary grounds for depots and side tracks," (R. S. 1889, sec. 2563), and to condemn lands for the latter purpose as well as for the former." (2)   It is self-evident, and also sustained by abundant authority, that "the land for a side track is as much a part of the side track as the right of way is a part of the road."   State ex rel. v. Railroad, 135 Mo. 646; Railroad v. People ex rel., 129 Ill. 572; Railroad v. People, 99 Ill. 464; Railroad v. People, 98 Ill. 354; Railroad v. Miller, 72 Ill. 144.   This being true, it follows logically and necessarily that any land which the company could condemn for side track or depot purposes must be taxed as an entirety upon the assessment of the State board. That under the undisputed facts in this case the land in question could have been properly condemned will not be disputed by respondent.   Chouteau v. Railroad, 122 Mo. 375; Land v. Coffman, 50 Mo. 243; Railroad v. Seeley, 45 Mo. 212.

*Thos. B. Allen* for respondent.

(1)   The property upon which taxes are sought to be recovered in this suit consist of vacant lots, not used by appellant and not necessary to be used by appellant in the operation of its railroad.   The issue as to the vacancy or use of said lots

by appellant was pointedly and fairly presented to the trial court, sitting as a jury. This was the only question of fact disputed at the trial and the trial court rightly found for the respondent. (2) This court will not review the findings of the lower court, although the findings are abundantly sustained, for the reason that the trial court sat as a jury and there were no declarations of law asked or given. Bethune v. Railroad, 139 Mo. 580. (3) Appellant's sole ground for reversal is that the lots in question were a part of the "right of way" of appellant and "necessary" for the operation of appellant's railroad, and therefore assessable by the State Board of Equalization. These questions of fact were thoroughly investigated by the trial court and the finding and judgment will not be reviewed by this court. Bethune v. Railroad, supra. (4) Section 1035, Revised Statutes 1899 (sec. 2543, R. S. 1899), providing that railroad companies shall have power "to lay out its road one hundred feet in width," has no application to side tracks. State ex rel. v. Railroad, 135 Mo. 646. "Side tracks include the ground necessary for the convenient and safe movement of cars and for loading and unloading them." State ex rel. v. Railroad, 135 Mo. 648.

VALLIANT, J.—This is a suit for taxes assessed against certain real estate of defendant in the city of St. Joseph. The only question in the case is, whether the real estate listed is embraced in that class of property which the law requires to be assessed by the State Board of Equalization; if it is, then it is not subject to the taxes sought to be collected by this suit, which were assessed by the assessor of Buchanan county.

In State ex rel. v. Hannibal & St. Joseph Railroad Co., 135 Mo. 618, the statutes which govern this subject were fully discussed and construed. In that case it was decided that the list of railroad property required by section 7718, Revised

Statutes 1889 (now sec. 9339, R. S. 1899), to be furnished the State Auditor as the basis for the action of the State Board of Equalization, includes not only the land covered by the right of way of the main line, depots, etc., but also land covered by side tracks and used as a switch yard in connection with its traffic as a common carrier. In that case the following from the Supreme Court of Illinois was quoted with approval: "We are, therefore, of the opinion that the land held and in actual use by a railroad company for side tracks, switches and turnouts, must be regarded, within the meaning of the revenue law, as a part of the right of way of the company." [Railroad v. People, 98 Ill. 357.]

The theory of the system of taxing railroads, as contained in our statute, seems to be that the railroad with all the necessary appurtenances to its efficient equipment as a means of traffic, is to be taken as a whole and assessed for taxation by the State Board of Equalization. That does not, however, include property that is used by a railroad corporation as a collateral facility to its business, such as workshops, etc., nor property held for purposes other than those of a carrier, all of which is subject to taxation by the local authorities.

Taking the decision in State ex rel. v. Hannibal & St. Joseph Railroad Co., above cited, as the law of this case, the only question is, whether these lots are to be deemed as in use by the defendant for its side tracks and as a switch yard. Respondent contends that is a question of fact that has been passed on by the trial court and its verdict is not a subject for review, citing Bethune v. Railroad, 139 Mo. 580. It is true that in a case like that cited, this court will not review the finding of the trial court on a question of fact under conflicting evidence. But in the case at bar there is really no dispute as to the main facts. There was some question in reference to the recent use of a structure that is shown on the map and marked "Stock

Yards" and that question the trial court seems to have found in favor of the relator, and that finding will not be disturbed, but that is unimportant. A better idea of the facts of the case will be derived from an inspection of the map shown in evidence than can be given by a description in words:

This shows the city blocks in which are situated defendant's terminal equipments, freight depot, etc. The land sought to be subjected to taxation by the local authorities is contained in the eastern part of lots 10, 11 and 12 of block 19. The evidence shows that these lots were obtained by purchase by the railroad company in connection with the other lots in the same and the adjoining block to be used for side tracks, switches, depots, etc.; that in addition to the tracks shown on the map, which cross the lots diagonally towards the western part the original design, still entertained, was, to locate a track at the east end where the dotted line is shown; that this proposed line from an engineering standpoint, for certain purposes, is better than the lines now constructed, but the company has not been able to carry its purpose as to the dotted line into effect, be-

cause it has been unable yet to obtain the right of way or title to the lots in block 21 which it is designed to cross, but has obtained title to one of them. It is argued for the plaintiff that as the company has owned the lots sought to be taxed, for twelve years, without carrying out its purpose, indicated by the dotted line, that purpose should be regarded as merely conjectural.

Whilst it is true the company has not built any other track on those lots except those on the west end and therefore has not actually used the east end in its traffic, yet it is also true that it has not put the lots to any other use, and its conduct is entirely consistent with the idea that it is treating them only as part of its switch yard. When the title was acquired there were some houses on the lots, but these were pulled down and the ground leveled. The stable indicated on the map is only a temporary shed under which the men employed in the yard and about the depot hitch their horses. It will be seen that .he tracks crossing these lots are carried out of their way farther west than they naturally would be to reach the end to which they are directed, and this is made necessary to avoid the sharp curve that would be required at the corner of Fifth and Olive streets. This shows that the east end of these lots is more in a direct line for those tracks than where they are located, and demonstrated the correctness of what the engineer testified as to the purpose indicated by the dotted line. It was said by this court in the case above cited, that the right of way for the main track of a railroad was fixed by law at one hundred feet wide, and that for a side track was to be fixed at what was actually needed. That does not mean that the railroad company is to be restricted to the narrowest limit in which it can pass a train over the side track, but it means that it must be allowed what is reasonably necessary or convenient. And whilst, as in State ex rel. v. St. Louis & Santa Fe Railroad Co.,

117 Mo. 1, a railroad company can not hold property exempt from the local assessor merely because it has purchased it to be used in the future for yard purposes, while, in the meantime, it is used for another purpose, yet a railroad company, when it is acquiring land for its terminal facilities, is not necessarily restricted to that which is immediately indispensable. The defendant's engineer in selecting this block for its terminals, depot and side tracks, in view of the prospective growth of the city and the growth of the company's business, does not appear to have acquired more land than is reasonably needed. We are satisfied that these lots are a part of the defendant's switch yards, and are designed to be used only as such, and are included in the property of defendant to be assessed for taxation by the State Board of Equalization and not by the county assessor. The judgment of the circuit court is reversed.

All concur.